UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

DEWEY L. HINDS,

    Plaintiff,

v.                                                                              No.: 3:14-cv-102-PLR-CCS

STATE OF TENNESSEE, SHEILA BAILEY,
SCOTT WILLIAMS, BECKY MORGAN,
and DON (UNKNOWN LAST NAME),

    Defendants.

**MEMORANDUM AND ORDER**

The Court is in receipt of a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. It appears from the application that the plaintiff lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, the Clerk is **DIRECTED** to file this action without the prepayment of costs or fees or security therefor as of the date the complaint was received.

In order to state a claim under 42 U.S.C. § 1983, plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992). *See also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983

does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").

Under the Prison Litigation Reform Act (PLRA), district courts must screen prisoner complaints and sua sponte dismiss those that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g., Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).

> Responding to a perceived deluge of frivolous lawsuits, and, in particular, frivolous prisoner suits, Congress directed the federal courts to review or "screen" certain complaints sua sponte and to dismiss those that failed to state a claim upon which relief could be granted, that sought monetary relief from a defendant immune from such relief, or that were frivolous or malicious.

*Id*. at 1015-16 (6th Cir. 1999) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A).

Plaintiff is an inmate in the Grainger County Detention Facility. His complaint concerns the conditions of his confinement, which he blames on former staff members, but alleges that current staff have failed to remedy the situation. As defendants, plaintiff has named the State of Tennessee, jail administrator Sheila Bailey, assistant administrator Scott Williams, nurse Becky Morgan, and a correctional officer whose last name is unknown.

At the outset, the Court notes that the State of Tennessee is not a suable entity under § 1983 and it is **DISMISSED** from this action. *See, e.g., Lawson v. Shelby County, Tennessee*, 211 F.3d 331, 335 (6th Cir. 2000) ("The Lawsons' claims against the State of Tennessee are barred by the Eleventh Amendment, because the Amendment prohibits suits against a 'state' in federal court whether for injunctive, declaratory or monetary relief.").

Although plaintiff has named additional individuals as defendants and complains generally about the conditions in the Grainger County Detention Center, he has not made specific allegations against individual defendants. Therefore, plaintiff will have twenty (20) days from the date hereof to amend his complaint to state exactly how his constitutional rights were violated and the specific defendant or defendants who violated his constitutional rights. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("Under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA.").

Plaintiff's failure to amend his complaint will result in the complaint being dismissed for failure to state a claim and for failure to prosecute and to follow the orders of this Court. Plaintiff is **ORDERED** to inform the Court immediately of any address changes. Failure to provide a correct address to this Court within ten (10) days following any change of address will result in the dismissal of this action.

Because the plaintiff is an inmate in the Grainger County Detention Facility, he is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is greater of:

    (a)    twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; *or*

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Sheriff of Grainger County, Tennessee, and the county attorney for Grainger County, Tennessee, to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the Court's financial deputy.

**E N T E R :**

_/s/ Pamela L. Reeves_
UNITED STATES DISTRICT JUDGE